UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT PLUMA,                                    )
                                                 )   COMPLAINT
                        Plaintiff,               )
                                                 )   JURY TRIAL DEMANDED
    -against-                                    )
                                                 )   ECF CASE
THE CITY OF NEW YORK; POLICE OFFICER             )
THOMAS GALLAGHER, Shield No. 23752;              )
JOHN DOE SECOND OFFICER; RICHARD                 )
ROES,                                            )
                                                 )
                        Defendants.              )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff ROBERT PLUMA seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

6. Plaintiff ROBERT PLUMA is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of Kings.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agents in the area of law enforcement to members of the public, and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants POLICE OFFICER THOMAS GALLAGHER, Shield No. 23752, and JOHN DOE SECOND OFFICER, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New

York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER THOMAS GALLAGHER, Shield No. 23752, and JOHN DOE SECOND OFFICER are sued individually.

9. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually.

**STATEMENT OF FACTS**

3

10. On September 30, 2008, approximately 6:30 p.m., Plaintiff was by himself riding his bicycle westbound on E. 3rd Street in Manhattan, on the right side of the street.

11. An unmarked police car (at the time Plaintiff did not know it was an unmarked police car) drove up beside Plaintiff at the intersection of E. 3rd Street and Bowery, and recklessly made a sharp right turn directly in front of Plaintiff onto Bowery, without signaling.

12. Plaintiff lightly banged his hand on the passenger door of the car and shouted to alert the driver to his presence and to seek to avoid being injured.

13. The unmarked police car accelerated and pulled over in front of the Plaintiff.

14. The person in the passenger seat of the car - on information and belief, the JOHN DOE SECOND OFFICER – opened the passenger side door while the car was still moving, and exited the car and rushed at Plaintiff from the car.

15. Plaintiff thought we was about to be attacked.

16. JOHN DOE SECOND OFFICER then pulled a police shield from under his shirt, and said he was a police officer.

17. The driver of the unmarked police vehicle, on information and belief POLICE OFFICER GALLAGHER, also exited the vehicle.

18. Both officers told Plaintiff not to move and demanded Plaintiff's identification.

19. Plaintiff told the officers that they had almost hurt him, and that he had not done anything illegal.

20. The officers were angry and expressed a concern Plaintiff might have damaged their car when he banged his hand on their door to try to avoid being hurt.

21. Plaintiff told the officers that upon a simple visual observation of their car, it was

obvious that there had been no damage whatsoever to their vehicle.

22. Plaintiff had also only lightly banged on the vehicle, and it was physically impossible that there could have been any damage to the vehicle from the force of Plaintiff's light banging.

23. Plaintiff suggested that he go his way about his business, and that the officers go their way about theirs.

24. The officers stepped in Plaintiff's way when he took a step to try to walk away and to end the interaction with them, and told the Plaintiff that if he did not show them his identification he would be placed under arrest.

25. Plaintiff told the officers that he would be happy to show them his identification, if they would only articulate for him what he had done that was illegal.

26. A few onlookers, who had seen some or all of the interactions between Plaintiff and the officers, were telling the officers they should leave Plaintiff alone.

27. When Plaintiff asked the officers to tell him why they wanted to see his identification, and why he was being detained, the officers handcuffed him with excessive tightness and placed him under arrest.

28. Plaintiff spoke calmly and politely at all times during his interactions with the officers.

29. Plaintiff complained about the tightness of the handcuffs, which were causing him pain, but the officers did not loosen the handcuffs.

30. As the officers placed Plaintiff's bicycle in their trunk, they told Plaintiff he would not get his bicycle back.

31. The officers took Plaintiff to the NYPD 9th Precinct.

32. On the way to the 9th Precinct the Plaintiff - handcuffed in the back of their unmarked police car - attempted to engage the officers in polite conversation.

33. The officers did not like Plaintiff's attempt to engage in polite conversation, and suggested that they could plant drugs on Plaintiff.

34. The officers also suggested, while en route to the precinct, that because Plaintiff was a bicycle rider he had an animus toward the police (which was an entirely false assumption).

35. On the way from the car into the precinct the officers told Plaintiff, with satisfaction in their voices, that he would be at the precinct for a very long time.

36. At the 9th Precinct the officers searched through Plaintiff's pockets, and through his bag and his papers and other possessions.

37. Plaintiff was held in a cell at the 9th Precinct for approximately two hours, during which time he explained to POLICE OFFICER GALLAGHER that he was not anti-police, that his aunt works for the Los Angeles Police Department, and that he had a few years earlier assisted other officers from the 9th Precinct (and gave POLICE OFFICER GALLAGHER their names) and the Office of the New York County District Attorney with the arrest and prosecution of the perpetrator of a robbery.

38. After he informed POLICE OFFICER GALLAGHER of this information, he was released with two summonses, one accusing him falsely of disorderly conduct, and the other accusing him falsely of attempting to pass the officer's vehicle on the right side.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

39. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. By their conduct and actions in falsely arresting, unlawfully searching, abusing process against, assaulting and battering, violating the rights to substantive due process of, violating rights to equal protection under law of, violating and retaliating for the exercise of rights to free speech and association of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating a false account surrounding the September 30, 2008 incident regarding, plaintiff, defendants POLICE OFFICER THOMAS GALLAGHER, Shield No. 23752, and JOHN DOE SECOND OFFICER, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

41. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

42. The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

paragraphs as if fully set forth herein.

43. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

44. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

45. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of

their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or being anti-police, including an anti-bicyclist animus. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

## CONSTITUTIONAL TORT

51. The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

92. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

93. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

41. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. A declaratory judgment;

    d. The convening and empanelling of a jury to consider the merits of the claims herein;

    e. Costs and interest and attorney's fees;

    f. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          September 29, 2011

                                    _____
                                    JEFFREY A. ROTHMAN, Esq.
                                    315 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 227-2980
                                    Attorney for Plaintiff